## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT HOLLAND and HOLLAND REAL ESTATE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:13-CV-179-TLS |
| LAKE COUNTY MUNICIPAL GOVERNMENT, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### OPINION AND ORDER

The *pro se* Plaintiff, Robert Holland, filed a Complaint [ECF No. 1] and a Motion to

Proceed In Forma Pauperis [ECF No. 2]. Upon review, the Plaintiff's Complaint does not satisfy

federal pleading standards. The Complaint and its attachments, totaling 467 pages, are long and

confusing. The Plaintiff refers to the Defendants collectively in many instances; he names

twenty-five Defendants, and neither this Court nor the Defendants can be required to sift through

these documents in an attempt to discern the Plaintiff's claims against each of them. *See* Fed. R.

Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim

showing that the pleader is entitled to relief"); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*,

20 F.3d 771, 775–76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it

difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to

conduct orderly litigation."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that

a complaint "must be presented with clarity sufficient to avoid requiring a district court or

opposing party to forever sift through its pages in search" of the plaintiff's claims).

Additionally, the Plaintiff appears to be trying to raise unrelated claims against unrelated

Defendants in one lawsuit. He describes various events that have no apparent relation to each

other including, *inter alia*, allegations: that he was improperly terminated from his job as a county prosecutor in 1998; that county employees improperly sold a piece of real estate he owned at a tax sale in 2008; that state court judges and private attorneys improperly deprived him of income he earned performing legal work in 2009; and that police and state court judges violated his rights in connection with a false arrest in 2010. As the United States Court of Appeals for Seventh Circuit has explained, litigants cannot join unrelated claims against unrelated defendants in one case:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . . A buckshot complaint . . . say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions . . . should be rejected.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Based on the above, the Court will strike the Complaint. *See Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) (stating that when a complaint is confusing or lacking in necessary detail, a district court is "within its rights" to dismiss the complaint with leave to replead). The Court will give the Plaintiff an opportunity to file an amended complaint under this cause number which incorporates related claims. If he has other claims he wishes to pursue, he may raise them in other lawsuits but not in this one. In preparing his amended complaint, he should provide a short, plain statement describing the basis of his claim against each defendant. He need not make legal arguments, include legal boilerplate, or submit evidence at this stage.

Additionally, the Plaintiff's *in forma pauperis* Motion does not provide complete information about his finances. He appears to claim that he presently has no income whatsoever (*see* Aff. in Supp. ¶ 2.a., ECF No. 2), but if this is accurate, it is unclear how he is meeting his

daily living expenses. Moreover, the Plaintiff recently sought and was denied leave to proceed *in forma pauperis* in another case because his income was in excess of the federal poverty guidelines. *See* Feb. 8, 2013, Order, *Holland v. City of Gary*, *et al.*, No. 2:10-CV-454, ECF No. 337 (N.D. Ind. filed November 15, 2010). In April 2013, he had sufficient funds to pay the $455.00 appellate filing fee in that case. *See id.*, ECF No. 354. The Plaintiff may have had a change in income at some point, but based on what he has submitted, it cannot be discerned when this change occurred and what income the Plaintiff has received during the past 12 months. Accordingly, the Court will deny his motion, but will grant him leave to submit another motion on the appropriate form fully detailing his financial status. He should complete each question on the form to the best of his ability and sign the form under penalty of perjury.

For the reasons stated above, the Court:

(1) STRIKES the Complaint [ECF No. 1];

(2) DENIES the Motion to Proceed In Forma Pauperis [ECF No. 2];

(3) DIRECTS the Clerk to place this cause number on a blank Complaint 42 U.S.C. § 1983 form and a blank AO-239 form and send them to the Plaintiff;

(4) GRANTS the Plaintiff up to and including July 1, 2013, to file an amended complaint on the form provided <u>and</u> return the AO-239 form properly completed and signed under penalty of perjury; and

(5) CAUTIONS the Plaintiff that if he does not respond by the deadline, this case is subject to dismissal without further notice.

SO ORDERED on June 6, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION