UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT HOLLAND and HOLLAND REAL ESTATE LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 2:13-CV-179-TLS |
| LAKE COUNTY MUNICIPAL GOVERNMENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

On May 28, 2013, the *pro se* Plaintiff, Robert Holland, filed a Complaint [ECF No. 1] and a Motion to Proceed In Forma Pauperis [ECF No. 2]. In an Opinion and Order dated June 6, this Court struck the Complaint but afforded the Plaintiff an opportunity to file an amended complaint comporting with federal pleading standards. The Court also denied the Motion to Proceed *In Forma Pauperis* because the Plaintiff failed to provide pertinent income information, but gave the Plaintiff an opportunity to file a more complete in forma pauperis petition. On July 3, the Plaintiff filed an Amended Complaint [ECF No. 8] and an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 10]. Moreover, on August 19, the Plaintiff filed a Request for Status of the Review of the Amended Complaint by the Court [ECF No. 11] and a Request for ECF Filing of Motions [ECF No. 12], and on August 22 he filed a Request for the Court to Appoint an Attorney [ECF No. 13]. For the reasons set forth below, the Court will deny the Plaintiff's Application and dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that he receives approximately $980 per month in social security payments, but that his average monthly expenses exceed that amount. He reports that he is unemployed, has approximately $20 cash on hand, and has no dependents. Based on this income information, although his annual income slightly exceeds the poverty guidelines threshold for a family of one, the Court finds that the Plaintiff is financially eligible for *in forma pauperis* status. *See* Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4035 (Jan. 26, 2012).

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen a complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma*

*pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32–33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Here, the Plaintiff's Amended Complaint is 45 pages long and names 26 Defendants. The Court struck his original Complaint, 467 pages in total, on the ground that it failed to conform with Federal Rule of Civil Procedure 8. (Op. & Order, ECF No. 4.) The Court granted the Plaintiff an opportunity to submit an amended complaint and instructed him to submit a short,

3

plain statement showing his entitlement to relief. (*Id.*) He responded by filing an amended complaint that names an additional Defendant, and that is shorter primarily because he omitted the lengthy exhibits attached to his original Complaint and because he deleted eleven causes of action listed in the original Complaint (though he still asks for relief based on most of these theories). Because it appears from the nature and content of the Plaintiff's filings that granting him another opportunity to replead his claims will not result in a more viable complaint, the Court has undertaken to discern the Plaintiff's claims from his present filing.

The Plaintiff is suing a total of 26 defendants, including the Lake County Municipal Government generally, the Lake County Board of Commissioners, current and former Lake County Assessors and an employee in the Lake County Assessor's Office, the Lake County Auditor, the Lake County Treasurer and an employee in the Lake County Treasurer's Office, a private citizen who purchased the Plaintiff's former residence at a tax sale in 2012, two attorneys in private practice, a Lake County Superior Court judge, a Gary City Court judge, the current and former Lake County Sheriff along with four deputy sheriffs, a Lake County Magistrate judge, a Lake County Judge Pro Tem, a public defender, a private law firm and an employee of that firm, and the Lake County Prosecutor. (Am. Compl. 6–13, ECF No. 8.) He alleges that all these Defendants are part of a vast conspiracy, the purpose of which is "to caus[e] Robert Holland injury to his person, business . . . , profession . . . , and property . . . , i.e., to put him out of business." (*Id.* 3.) He alleges that "[i]t was the policy, custom and/or widespread practice of the Defendants to violate his rights." (*Id.* 37.) He states that the Defendants "1) agreed, as alleged and evidenced by their concerted false statements, false representations and 'activities' that all have a common goal and purpose to injury Robert Holland in his person, business,

4

property and profession, to participate in the affairs of an enterprise through a pattern of racketeering activity and (2) that the defendants further agreed, as alleged and evidenced by their false statements, false representations and activities that someone would commit at least two predicate acts to accomplish those goals." (*Id.* 38.) He claims that, in furtherance of this conspiracy, the Defendants have engaged in a pattern of racketeering with the specific purpose of violating his rights. As evidence of this conspiracy, he describes several incidents dating from 1998 to 2012, including: his 1998 discharge from the Lake County Prosecutor's Office; alleged false statements by attorneys in 2002 that led to disciplinary hearings against the Plaintiff in 2009; a tax sale of the Plaintiff's former residence in 2012 despite alleged assurances that the property would not be sold; a 2009 Sheriff's sale of another piece of the Plaintiff's property; a 2009 judicial order removing the Plaintiff as counsel of record in a criminal case because of alleged misconduct by the Plaintiff; a 2009 judicial order banning the Plaintiff from the Lake County Government Building; a 2009 judicial order requiring the Plaintiff to be escorted at all times while in the Lake County Government Building and a subsequent escort, search, and seizure of the Plaintiff; a 2010 arrest of the Plaintiff and a subsequent two week incarceration in the Lake County Jail; posting a picture of the Plaintiff with the appearance of a wanted poster in the Lake County Government Building in 2011; and testimony at 2011 reinstatement hearings that prevented the Plaintiff from being reinstated to practice law.[1] He believes that all of these incidents were specifically orchestrated to ruin his professional aspirations. Among other relief, he seeks money damages for violations of the civil Racketeer Influenced and Corrupt

---

[1] According to the public records of the Indiana State Bar, the Plaintiff was admitted to practice law in 1997 but was suspended in October 2009 and has not been reinstated. *See* *https://courtapps.in.gov/rollofattorneys/*.

Organizations Act (RICO), 18 U.S.C. § 1962, and for violations of "42 U.S.C. 1983, 1985, 1986 and the Civil Rights Act of 1988, the United States Constitution, the Indiana State Constitution and various theories of common law and negligence against the Defendants, jointly and severally, each of them." (Am. Compl. 41.)

This Court recently reviewed the Plaintiff's Amended Complaint in a separate lawsuit initiated by the Plaintiff, *Holland v. City of Gary*, No. 2:12-CV-62-TLS. In that case, the Court found that:

> the Plaintiff's allegations about a vast conspiracy involving his family members, officials from different towns, private hospitals, and multiple state court judges [are] in the vein of "fantastic" or "delusional," warranting dismissal of the complaint as frivolous. *See Neitzke* [*v. Williams*], 490 U.S. [319,] 325 [1989]; *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773 (7th Cir. 2002) (affirming dismissal of complaint as frivolous where the plaintiff alleged that over a span of three years, multiple guards at three different prisons left his cell door unlocked at night while he was sleeping so that other inmates could come in his cell and assault him); *see also Schottler v. Wisconsin*, 388 Fed. Appx. 547 (7th Cir. Jul. 28, 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged that someone had inserted a metal pin in his head and various state officials and police officers had purposely ignored his pleas for help); *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 684 (7th Cir. May 22, 2008) ("Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous under this standard.").

*Holland v. City of Gary*, No. 2:12-CV-62-TS, 2012 WL 974882, at *3 (N.D. Ind. Mar. 21, 2012). Moreover, the Court also found that some of the Plaintiff's allegations were malicious, were time-barred, were barred because of immunity or other reasons, and that the Plaintiff's diverse claims did not belong in one lawsuit.

The Seventh Circuit agreed with this Court's analysis, stating that "a dismissal for frivolousness is qualitatively different than a dismissal for failure to state a claim. Unlike a

dismissal for failure to state a claim, which a judge must accept all factual allegations as true, a dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citation omitted). Specifically, the Circuit held that this Court "did not abuse its discretion in concluding that Holland's allegations lacked any arguable basis in fact and that amendment would have been futile." *Id.* at 477–78.[2]

The Court again finds that the Plaintiff's allegations about a vast conspiracy—this time involving the Lake County Assessors, Auditor, Treasurer, Board of Commissioners, Sheriff, deputies, Prosecutor, judges in four different courts, two attorneys, two private citizens, and a law firm, and encompassing acts spanning a fourteen-year period—are in the vein of "fantastic" or "delusional," warranting dismissal of the Amended Complaint as frivolous. *See Neitzke*, 490 U.S. at 325. The Court also finds that, having given the Plaintiff an opportunity to amend, any further amendment would be futile. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (stating that a court should not grant leave to amend "where the amendment would be futile" (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008))).

Furthermore, as before, it appears that many of the Plaintiff's discrete claims would be barred even if they were not frivolous. Nearly all of the Plaintiff's claims under § 1983 would be time-barred. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (statute of limitations for a Section 1983 claim arising in Indiana is two years). Because there is no plausible basis for inferring the existence of a conspiracy, the Plaintiff cannot sue the various private actors listed in the Amended Complaint. *Rodriguez v.*

---

[2]This Court has ruled against the Plaintiff two additional times in his attempts to sue various combinations of Lake County and Gary officials in federal court. *See Holland v. City of Gary*, No. 2:10-CV-454-PRC (N.D. Ind. filed Nov. 15, 2010); *Holland v. Lake Cnty. Mun. Gov't*, No. 2:13-CV-180-PPS (N.D. Ind. filed May 28, 2013).

*Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (private entities cannot be sued for constitutional violations under § 1983). Many of the state actors, including the judges, prosecutors, and any non-judicial decision maker acting in a judicial capacity, would be immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutorial immunity); *Heyde v. Pittenger*, 633 F.3d 512, 517 (7th Cir. 2011) (immunity extended to members of county board of review).

Moreover, under Rule 12(b)(6), the Plaintiff has failed to plausibly plead either the existence of a criminal enterprise under 18 U.S.C. § 1962(c), or an agreement substantiating a conspiracy under § 1962(d). *See United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013) (finding there was "not enough" in the complaint to create a plausible inference that the defendants were involved in a criminal enterprise); *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 804 (7th Cir. 2008) (affirming dismissal of RICO claim because "a conspiracy is not a RICO enterprise unless it has some enterprise-like structure"); *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 784–85 (7th Cir. 1999) (affirming dismissal of RICO conspiracy claim because "nothing in . . . any . . . portion of the complaint pleads any facts indicating an act of agreement among the alleged conspirators or what roles the various defendants would play in the conspiracy"). Understanding the difference between dismissal of frivolous claims and dismissal for failure to state a claim upon which relief can be granted, *see Holland*, 503 F. App'x at 477, the Court finds that the Plaintiff's claims are both—they are frivolous and they also fail to state claims upon which relief can be granted because they do not plausibly suggest the possibility of RICO relief.

For all these reasons, the Court declines to authorize the Plaintiff to proceed with this lawsuit under the *in forma pauperis* statute, and will deny the Plaintiff's renewed Application [ECF No. 10]. Because the case is being dismissed, the Court will also deny the Plaintiff's Request for ECF Filing of Motions [ECF No. 12] and his Request for the Court to Appoint an Attorney [ECF No. 13]. Finally, the Court will grant the Plaintiff's Motion for Status of the Review of the Amended Complaint by the Court [ECF No. 11].

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 10]; GRANTS the Plaintiff's Motion for Status of the Review of the Amended Complaint by the Court [ECF No. 11]; DENIES the Plaintiff's Request for ECF Filing of Motions [ECF No. 12]; DENIES the Plaintiff's Request for the Court to Appoint an Attorney [ECF No. 13]; and, because any amendment would be futile, DISMISSES the Amended Complaint [ECF No. 8] WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED on September 16, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION