# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT HOLLAND and HOLLAND REAL ESTATE LLC, | ) ) ) |
| Plaintiffs, | ) ) ) CAUSE NO.: 2:13-CV-179-TLS-JEM |
| v. | ) ) |
| LAKE COUNTY MUNICIPAL GOVERNMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Correct Errors and Set Aside Order [ECF No. 18], filed on October 15, 2013. The Plaintiff seeks relief from a final judgment under Federal Rule of Civil Procedure 60(b). Specifically, he seeks to have this Court set aside its Opinion and Order [ECF No. 14] of September 16, 2013. That Opinion and Order denied the Plaintiff's requests for leave to proceed *in forma pauperis* [ECF No. 10], denied the request for ECF filing of motions [ECF No. 12], denied a request for the Court to appoint an attorney [ECF No. 13], and, because amendment would be futile, dismissed the Amended Complaint [ECF No. 8] with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

> judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997).

The Court notes that the Plaintiff has not satisfied any of the Rule 60 categories. The Plaintiff used 87 pages in his Motion to attempt to relitigate the substance of the issues already ruled on in this Court's Opinion and Order. He offers no newly discovered evidence or change in the law governing these issues, and has not identified an error of apprehension by the Court. Because the Plaintiff has not satisfied the requirements of Rule 60, his Motion is denied.

The Court notes that this is not the first case filed by this Plaintiff.[1] The Court's Opinion and Order at issue in this case [ECF No. 14] referenced another Opinion and Order from this Court in one of the Plaintiff's other cases, *Holland v. City of Gary*, No. 2:12-CV-62-TS, 2012 WL 974882 (N.D. Ind. Mar. 21, 2012), in which the Plaintiff also alleged that numerous defendants were part of a vast conspiracy against him. The Court's Opinion and Order in that case dismissed the Plaintiff's complaint as frivolous because the nature of the claims were "fantastic" and "delusional." The Seventh Circuit agreed with this Court's analysis in that case and noted that "[u]nlike a dismissal for failure to state a claim, which a judge must accept all factual allegations as true, a

---

[1] Mr. Holland has filed numerous cases in the Northern District of Indiana beginning in 2010. These include the following case numbers: 2:10-CV-454-PRC (filed on Nov. 15, 2010), 2:12-CV-62-TLS-APR (filed on Feb. 9, 2012), 2:13-CV-180-PPS-PRC (filed on May 28, 2013), 2:13-CV-491-RL-JEM (filed on Dec. 30, 2013), and 2:14-CV-5-TLS-PRC (filed on Jan. 8, 2014).

dismissal for frivolousness under § 1915 (the IFP statute) does not require a judge to accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citation omitted). The Circuit held in that case that this Court "did not abuse its discretion in concluding that Holland's allegations lacked any arguable basis in fact and that amendment would have been futile." *Id.* at 477–78. The instant case is similar in nature to the Plaintiff's earlier case and the Court issued a similar ruling in the Opinion and Order [ECF No. 14] at issue here.

Notably, on April 24, 2014, Magistrate Judge Paul Cherry issued an Opinion and Order in another of Mr. Holland's cases. That Opinion and Order denied another of Mr. Holland's Motions to Reconsider and also warned him that "any further frivolous filings may result in the Court holding him in contempt of court." *Holland v. City of Gary, et. al.*, 2:10-CV-454-PRC, 2014 WL 1651986 (N.D. Ind. Apr. 24, 2014). Docket Entry 364. The Court reiterates here the warning Mr. Holland received from Magistrate Judge Cherry.

Because the Plaintiff has failed to satisfy any of the requirements of Federal Rule of Civil Procedure 60(b), his Motion to Correct Errors and Set Aside the Order [ECF No. 18] is DENIED.

SO ORDERED on April 29, 2014.

                                     s/ Theresa L. Springmann
                                    THERESA L. SPRINGMANN
                                    UNITED STATES DISTRICT COURT
                                    FORT WAYNE DIVISION