# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

ROBERT HOLLAND,         )
      Plaintiff,        )
                   )     CAUSE NO.: 2:13-CV-179-TLS-JEM
      v.                  )
                   )
LAKE COUNTY MUNICIPAL   )
GOVERNMENT, *et al.*,      )
      Defendants.     )

## OPINION AND ORDER

This matter is before the Court on a Request for Leave to Amend Complaint [DE 23], filed by Plaintiff on February 3, 2014, and a Notice to the Court, and Request for Ruling or Status [DE 24], filed by Plaintiff on April 14, 2014.

Plaintiff requests leave of Court to file a Second Amended Complaint. Plaintiff Holland, proceeding in this matter *pro se*, filed his Complaint in this Court on May 28, 2013, along with a request to proceed *in forma pauperis*. On June 6, 2013, the Complaint was stricken for failure to comply with federal pleading standards, with leave to file an Amended Complaint that addressed the deficiencies laid out in the Order. On July 3, 2013, Plaintiff filed an Amended Complaint. On September 16, 2013, the Amended Complaint was dismissed on the grounds that Plaintiff's claims were frivolous and failed to state claims upon which relief could be granted, and Plaintiff's motion for relief from that judgment was denied on April 29, 2014.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides that the court shall give leave to parties to amend their pleadings when justice so requires. Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a

motion to amend lies within the sound discretion of the district court.  *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).  However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile."  *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman*, 371 U.S. at 182; other citations omitted).  An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment.  *Sound of Music Co. v. Minn. Min. & Mfg.* Co., 477 F.3d 910, 923 (7th Cir. 2007); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

Plaintiff's proposed Second Amended Complaint does not address any of the errors or deficiencies previously described.  It is virtually identical to his previous Complaints except that it adds two additional defendants, bringing the total up to 28.  As explained in two previous Orders, Plaintiff's Complaint continues to be frivolous, many of its claims would be time-barred, and it fails to state claims upon which relief can be granted under Rule 12(b)(6).  The errors in the instant Complaint have been well-documented and the Court need not address them at length for a third time; suffice it to say that none of the many errors have been corrected and, indeed, have only been compounded by the inclusion of additional defendants.  Allowing the amendment would be futile.  Accordingly, the Court will not allow Plaintiff to file his Second Amended Complaint.

In his Notice to the Court, and Request for Ruling or Status, Plaintiff requests a status conference or notice of when his summons and complaint will be served.  As the case has been dismissed and no amended complaint will be allowed, there is no case proceeding in this cause number and no complaint to be filed on any other parties.  To the extent that he is requesting that the Court rule on any other pending motions, all motions have now been ruled on.

For the foregoing reasons, the Court hereby **DENIES** the Request for Leave to Amend

Complaint [DE 23] and **DENIES as moot** the relief requested in the Notice to the Court, and

Request for Ruling or Status [DE 24].

   SO ORDERED this 9th day of July, 2014.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc:  All counsel of record
   Plaintiff, *pro se*